# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:87-cr-00166-APG-LRL |
| Plaintiff | **Order Denying Motions to Cancel Fine and to Quash Subpoena** |
| v. | [ECF Nos. 412, 415] |
| ERNESTO TRASLAVINA, | |
| Defendant | |

In 1990, defendant Ernesto Traslavina was sentenced to a lengthy prison term and ordered to pay fines totaling $100,000. ECF No. 417-1.  In August 2001, the length of the prison term was reduced but the fine amount remained the same. ECF No. 417-2.  Traslavina was released from prison in December 2004 and his probation expired in 2009.  After Traslavina failed to pay his fines for several years, the Government began pursuing collection efforts. Traslavina now moves to cancel his fine and to quash a subpoena related to the Government's collection efforts. ECF Nos. 412, 415.

Traslavina argues that payment of his fines was a condition of probation, so that obligation expired when his probation expired.  But his fines are not conditions of probation or supervised release.[1]  They are independent parts of the judgment of conviction. *See* ECF No. 417-1 at 2, 417-2 at 8 (showing fines in a different section of the judgment from the release conditions).  And while a condition of probation may require continued payment of a fine, that does not convert the fine to solely a part of supervision.

---

[1] Traslavina cites to the conditions of probation and supervised release issued by the U.S. Probation Officer that refer to his fines. ECF No. 418 at 12.  But that officer was not authorized to alter the terms of the judgment entered by the sentencing judge.

Traslavina also argues that his obligation to pay the fines expired 20 years after the date judgment was imposed. That was the law under the Victim and Witness Protection Act of 1982 (VWPA). 18 U.S.C. § 3613(b) (1990). But the VWPA was amended in 1996 by the Mandatory Victims Restitution Act of 1996 (MVRA), which extended the expiration date of fines to the later of 20 years from entry of judgment or 20 years from release from imprisonment. 18 U.S.C. § 3613(b). The Ninth Circuit has held that this amendment does not violate a defendant's substantive rights because the amount of the fine remains the same. "The MVRA merely increased the time period over which the government could collect those fines . . . ." *U.S. v. Blackwell*, 852 F.3d 1164, 1166 (9th Cir. 2017). Thus, the amendment does not violate the Ex Post Facto Clause of the Constitution. *Id.*; *see also U.S. v. Richards*, 472 F. App'x 523, 525 (9th Cir. 2012) (same, regarding restitution). Traslavina's arguments are foreclosed by *Blackwell* and *Richards*.

I THEREFORE ORDER that defendant Ernesto Traslavina's motion to cancel, quash, or discharge his fine **(ECF No. 412)** and his motion to quash the subpoena **(ECF No. 415) are denied**.

DATED this 8th day of August, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE